UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KRISTOPHER KAIVON PRATT,

          Plaintiff,

v.

UNKNOWN HAYRMAN et al.,

          Defendants.
_____/

Case No. 2:24-cv-173

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections (MDOC), Hayrman, and Chamberlain. The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendant Mann: official capacity claims, Eighth Amendment claims, and claims related to

Plaintiff's grievances. Plaintiff's First Amendment retaliation claim against Defendant Mann, in his individual capacity, remains in the case.

## Discussion

I.    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the MDOC and the following LMF staff: Correctional Officer Unknown Hayrman, Correctional Officer Unknown Mann, and Resident Unit Manager Unknown Chamberlain.

Plaintiff alleges that he asked Defendant Hayrman to turn the power on in Plaintiff's cell because Plaintiff's CPAP machine needed power to work. (Compl., ECF No. 1, PageID.3.) Defendant Hayrman refused. (*Id.*) When Plaintiff told Defendant Hayrman that he would file a grievance related to Defendant Hayrman's refusal to turn on the power, Defendant Hayrman responded, "I don't care about a grievance," and "I'm not turning on your power now." (*Id.*)

Plaintiff also spoke with Defendant Mann, who also refused to turn on the power. (*Id.*) Defendant Mann stated, "if you continue to complain, I'll put you in the box," meaning segregation. (*Id.*)

Finally, Plaintiff spoke with Defendant Chamberlain regarding his request for power to operate his CPAP machine. (*Id.*) In response to Plaintiff's request, Defendant Chamberlain told Plaintiff, "You'll be okay." (*Id.*)

Plaintiff's power remained off for three days. (*Id.*) As a result of the actions described in the complaint, Plaintiff seeks monetary damages and injunctive relief. (*Id.*, PageID.4.)

**II.      Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff indicates that he intends to bring claims against Defendants for violation of his Eighth and First Amendment rights. The Court will also liberally construe Plaintiff's complaint as bringing claims related to Plaintiff's inability to file grievances.

### A.    Claims Against the MDOC

As noted above, Plaintiff has named the MDOC as a Defendant in this matter. Plaintiff, however, may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. The Court, therefore, will dismiss the MDOC as a Defendant.

### B. Official Capacity Claims

Plaintiff has sued the remaining Defendants Hayrman, Mann, and Chamberlain in their official and individual capacities. Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the State of Michigan and its departments are immune under the Eleventh Amendment from suit in the federal courts, Plaintiff's claims for damages against Defendants Hayrman, Mann, and Chamberlain in their respective official capacities are also barred by sovereign immunity. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1988).

Here, Plaintiff seeks injunctive relief, as well as damages. An official capacity action seeking declaratory and injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Plaintiff's complaint does not allege an ongoing violation of federal law. Plaintiff claims that his cell was without power for three days and that Defendant Mann told Plaintiff on a single occasion that he would put Plaintiff in segregation if Plaintiff did not stop complaining. (ECF No.

5

1, PageID.3.) These allegations concern only past harms. Plaintiff does not claim that his cell remains without power or that Defendants are continuing to engage in actions Plaintiff considers to be retaliatory. Past exposure to an isolated incident of illegal conduct does not, in itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *Lyons*, 461 U.S. at 102; *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyons*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495–96. Accordingly, Plaintiff cannot maintain any official capacity claims for injunctive relief, and his official capacity claims will be dismissed in their entirety.

    **C.**    **Eighth Amendment Claims**

Plaintiff claims that Defendants Hayrman, Mann, and Chamberlain, by refusing to turn on the power in Plaintiff's cell, violated Plaintiff's Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Here, the Court construes Plaintiff's complaint as raising two Eighth Amendment claims: (1) unconstitutional conditions of confinement related to the lack of power

for three days, and (2) denial of medical care through Plaintiff's inability to use his CPAP machine. The Court will address each of Plaintiff's Eighth Amendment claims in turn.

### 1. Conditions of Confinement

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a

substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Plaintiff does not allege any facts that would support an inference that going without power for three days deprived him of life's necessities. Indeed, Plaintiff does not allege any harm at all, let alone that the individual Defendants were subjectively aware that a brief period of time without power would subject Plaintiff to a substantial risk of serious harm. Other courts have also concluded that incarceration without power for short periods of time does not rise to the level of an Eighth Amendment violation, even when the prisoner might have been deprived of the use of a fan, television, or other appliance. *See, e.g., Bomer v. Lavigne*, 101 F. App'x 91, 92–93 (6th Cir. 2004) (finding no violation where Plaintiff was deprived of ventilation because of loss of power for three days); *Groomes v. Parker*, No. 08-2028-An/P, 2008 WL 4057763, at *8 (W.D. Tenn. Aug. 2, 2008) (finding no violation where Plaintiff was deprived of the ability to watch television because of a ten-day power outage); *Christy v. Lindamood*, No. 1:18-cv-00008, 2018 WL 1907447, at *3, 7 (M.D. Tenn. Apr. 23, 2018) (finding no violation where prisoner was placed in a cell and never had power to operate his CPAP machine, where he alleged no resulting harm); *Peters v. Berghuis*, No. 1:09-cv-14, 2009 WL 261387, at *3, 7 (W.D. Mich. Feb. 3, 2009) (finding no violation where power is turned off at night such prisoners could not use cell fans for ventilation). Accordingly, the Court concludes that the deprivation of power for three days was at most a temporary inconvenience and, therefore, does not rise to the level of an Eighth Amendment violation.

    **2. Denial of Medical Care**

Plaintiff also alleges that, for three days, he was unable to use his CPAP machine and was, therefore, denied adequate medical care. (ECF No. 1, PageID.3.)

"The Supreme Court has long recognized that the government has a constitutional obligation to provide medical care to those whom it detains." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rhinehart v. Scutt*, 894 F.3d 721, 736–37 (6th Cir. 2018); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle*, 429 U.S. at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Deliberate indifference may be manifested by a medical professional's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

Like a claim for unconstitutional conditions of confinement, an Eighth Amendment claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore*, 390 F.3d at 899; *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted), *abrogation on other*

9

*grounds recognized by Lawler as next friend of Lawler v. Hardeman Cnty., Tenn.*, 93 F.4th 919 (6th Cir. 2024).

The Eighth Amendment's subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence. . . A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart*, 894 F.3d at 738 (quoting *Farmer*, 511 U.S. at 842).

Plaintiff's complaint provides no indication that three days without the use of a CPAP machine posed an objectively serious medical condition sufficient to give rise to an Eighth Amendment claim. Indeed, Plaintiff does not allege that he suffered any harm as a result. Moreover, Plaintiff has alleged no facts that would plausibly suggest that any named Defendant was subjectively aware of any substantial risk of serious harm. Plaintiff's conclusory allegations of "deliberate indifference" without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. The Court will therefore dismiss Plaintiff's Eighth Amendment claims related to his inability to use his CPAP machine for three days.

### D.  First Amendment Retaliation Claims

Plaintiff claims that Defendants retaliated against him in violation of his First Amendment rights. Specifically, Plaintiff alleges that Defendant Hayrman refused to turn the power on in

Plaintiff's cell even after Plaintiff told Defendant Hayrman that he would file a grievance related to the lack of power, that Defendant Mann told Plaintiff that he would put Plaintiff in segregation if Plaintiff continued to complain about the lack of power, and that Defendant Chamberlain refused to comply with Plaintiff's request for power. (ECF No. 1, PageID.3.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*; *see also Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

With respect to the first element, an inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018). Therefore, the Court finds that, at this stage of the litigation, Plaintiff has alleged sufficient facts to suggest that he engaged in protected conduct by verbally complaining about the lack of power and by stating that he intended to file a grievance.

As to the remaining elements, it is true that "retaliation" is easy to allege, and it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). However, "alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir.

11

1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Here, Plaintiff alleges that Defendant Hayrman refused to turn on the power in Plaintiff's cell and, when Plaintiff threatened to file a grievance, maintained his original refusal. This alone does not suggest unlawful retaliation. Plaintiff's complaint contains no facts that would allow the Court to infer that Defendant Hayrman's continued refusal to turn on the power was motivated by Plaintiff's statement that he would file a grievance, as opposed to whatever had originally caused Defendant Hayrman to refuse Plaintiff's request.

The same is true of Plaintiff's claim against Defendant Chamberlain. According to Plaintiff's complaint, Defendant Chamberlain did nothing other than maintain the status quo and refuse to turn on the power. Refusing Plaintiff's request alone is not an adverse action sufficient to support a First Amendment claim, nor is there any indication that Defendant Chamberlain's refusal was motivated by Plaintiff's earlier protected conduct.

Plaintiff's claim against Defendant Mann, however, differs in that Plaintiff alleges that Defendant Mann threatened to place Plaintiff in segregation if Plaintiff continued with his verbal complaints. Accepting these allegations at true, the Court finds that Plaintiff's First Amendment retaliation claim against Defendant Mann cannot be dismissed on screening.

### E. Claims Related to Plaintiff's Grievances

Finally, Plaintiff claims that Defendant Hayrman refused to provide Plaintiff with a grievance form upon request. (ECF No. 1, PageID.3.) To the extent Plaintiff takes issue with

Defendant Hayrman's actions related to Plaintiff's access to or use of the administrative grievance process, the courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive Plaintiff of Fourteenth Amendment right to due process.

Moreover, Plaintiff cannot state a claim for violation of his First Amendment right to petition the government. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond). Defendant Hayrman's actions (or inactions) have not barred Plaintiff from seeking a remedy for his complaints. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).

Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821–24 (1977). The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio*, 20 F. App'x 469, 470–71 (6th Cir. 2001).

In light of the foregoing, the Court finds that Plaintiff has failed to state a cognizable claim related to Plaintiff's access to or use of the administrative grievance process.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections (MDOC), Hayrman, and Chamberlain will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against the remaining Defendant Mann: official capacity claims, Eighth Amendment claims, and claims related to Plaintiff's grievances. Plaintiff's First Amendment retaliation claim against Defendant Mann, individually, remains in the case.

An Order consistent with this Opinion will be entered.

Dated:  October 29, 2024                              /s/ Jane M. Beckering
                                                           Jane M. Beckering
                                                           United States District Judge